UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER, A/K/A RALEEM-X,
ALYCIA WILEY, TIERRA THOMAS,
AND DIONDRE THOMAS,

                Plaintiffs,

v.                                      CASE NO. 2:16-CV-11960
                                       HONORABLE VICTORIA A. ROBERTS

PCS DAILY DIAL PHONE COMPANY,

                Defendant.
_____/

## OPINION AND ORDER DENYING THE MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE CIVIL RIGHTS COMPLAINT

This matter is before the Court on the Plaintiffs' pro se "Civil Action Complaint" filed pursuant to 42 U.S.C. § 1983 and the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903. Plaintiff Curtis Fuller, who is proceeding under his alias Raleem-X, is a state prisoner confined at the Marquette Branch Prison in Marquette, Michigan. Plaintiff Diondre Thomas is a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiffs Alycia Wiley and Tierra Thomas are citizens living in Detroit and Inkster, Michigan, respectively. In their pleadings, Plaintiffs allege that Defendant, PCS Daily Dial Phone Company, is wrongfully interfering with their abilities to make phone calls to each other. Plaintiffs seek monetary damages and declaratory relief.

Plaintiffs have filed a Motion to Proceed in Forma Pauperis, but only the lead Plaintiff, Raleem-X, has filed supporting documents to comply with the requirements of 28 U.S.C. § 1915(a). Plaintiffs further assert that they are "sovereign citizens" and that under the Uniform Commercial

1

Code and other inapplicable statutes, they are not required to pay any fees for this action.

To institute a civil rights action in federal court, a party must pay a filing fee of $350.00 and an administrative fee of $50.00. *See* 28 U.S.C. § 1914(a) (with District Court Miscellaneous Fee Schedule); *Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiffs did not pay the filing fee or the administrative fee when they instituted this action.

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners with the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Plaintiffs have failed to fully comply with § 1914(a) and/or § 1915(b).

Moreover, a prisoner is prevented from proceeding in forma pauperis in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed in forma pauperis, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss

2

the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff Raleem-X, the lead plaintiff and the person who apparently drafted and filed the "Civil Action Complaint," has filed at least three prior civil rights complaints that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Fuller v. Gerth et al.*, No. 2:12–cv–368 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss et al.*, No. 1:12–cv–926 (W.D. Mich. Sept. 28, 2012); *Fuller v. Bouchard*, No. 2:04–cv–35 (W.D. Mich. April 2, 2004); *aff'd* No. 04–2217 (6th Cir. Sept. 30, 2005); *Fuller v. Calvin et al.*, No. 2:00–cv–225 (W.D. Mich. May 29, 2001); *aff'd* 28 F. App'x 390 (6th Cir. 2002). He has also previously been denied permission to proceed without prepayment of the filing fee. *See, e.g., Raleem-X v. Brown*, No. 16-CV-10305, 2016 WL 465487 (E.D. Mich. Feb. 8, 2016); *Fuller v. PCS Daily Dial Phone Co.*, No. 2:15-CV-13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015) (denying request to proceed in forma pauperis and dismissing complaint similar to the one at hand); *Fuller v. Sherve*, No. 1:12-CV-861, 2014 WL 1347430 (W.D. Mich. Apr. 4, 2014); *Fuller v. Caruso*, No. 2:12-CV-480, 2013 WL 1830856 (W.D. Mich. Apr. 30, 2013).

Plaintiff Raleem-X has committed what amounts to a fraud upon this Court by filing this action without revealing that other federal judges have previously precluded him from proceeding in forma pauperis pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 F. App'x 395, 396 (7th Cir. 2006); *Ward v. King,* No. 08–CV–15061, 2009 WL 367859, *2 (E.D. Mich. Feb. 12, 2009); *Demos v. United States,* No. 2:08-CV-13965, 2008 WL 4387327, *2-3 (E.D. Mich. Sept. 24, 2008). As the Seventh Circuit has stated: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant

3

will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999).

Moreover, Plaintiff Raleem-X does not allege any facts to show that he is under imminent danger of serious physical injury to come within the exception to the three strikes rule set forth in 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002). Plaintiff Raleem-X's motion to proceed in forma pauperis must therefore be denied and his case dismissed pursuant to § 1915(g).

The other plaintiffs have not paid the $ 350.00 filing fee or the $50.00 administrative fee, nor have they submitted any documentation in support of a proper request to proceed in forma pauperis. All individuals, both prisoners and nonprisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *Floyd v. United States Postal Svs.*, 105 F.3d 274, 277 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Because the three other plaintiffs have neither paid the necessary fees nor filed any documents in support of a request to proceed in forma pauperis, their motion to proceed in forma pauperis must be denied.

Additionally, their case is also subject to dismissal. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Federal Rule of Civil Procedure 20(a)(1) states: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact

common to all plaintiffs will arise in the action."

Notwithstanding Federal Rule of Civil Procedure 20(a)(1), however, there are significant practical problems with allowing prisoners to file a joint complaint with other prisoners (or nonprisoners). As another judge in this District has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.) (citing *Boretsky v. Corzine*, 2008 WL 2512916, *5 (D. N.J. June 23, 2008)). Problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (quoting *Boretsky*, *supra* at *5). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, 2008 WL 680203, *1 (E.D. Wis. March 10, 2008). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id.* An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, *supra* at *5); *see also White v. Tennessee Bd. of Probation and Paroles*, No. 06-2784-B/P, 2007 WL 1309402, *1 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action").

The Court notes that such concerns have already manifested themselves in this case. The "Civil Action Complaint" bears the purported signatures of all of the named plaintiffs, but the writing appears to be the same. Given that the lead plaintiff, Raleem-X, has already committed what

amounts to fraud upon the Court by failing to divulge that he is a three-striker, and given that the other plaintiffs have not filed documentation in support of the Motion to Proceed in Forma Pauperis, the Court questions whether this case was filed with any of the other three named plaintiffs' consent. Consequently, with respect to the remaining three plaintiffs, the Court shall dismiss the case without prejudice to each plaintiff filing a new complaint on his or her own behalf.

### III. CONCLUSION

Accordingly, as to all Plaintiffs, the Court **DENIES** the Motion to Proceed in Forma Pauperis. With respect to Plaintiff Raleem-X, aka Curtis Fuller, the Court **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(g). The dismissal is without prejudice to him filing a new complaint with full payment of the filing and administrative fees for that action. With respect to the other three plaintiffs, the Court **DISMISSES** the Complaint without prejudice to the filing of their own complaints, and other necessary filing documents, in accordance with the Federal Rules of Civil Procedure. Lastly, the Court concludes that any appeal from this decision cannot be taken in good faith. 28 U.S.C.§ 1915(a)(3).

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 30, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record, Curtis Fuller a/k/a Raleem-X, Alycia Wiley, Tierra Thomas and Diondre Thomas by electronic means or U.S. Mail on June 30, 2016.

s/Linda Vertriest
Deputy Clerk